FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO GABRIEL DANIEL,<br><br>Defendant. | No. 2:18-CR-00152-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION<br><br>**MOTION DENIED**<br>**(ECF No. 27)** |

At Defendant's September 21, 2018, detention review hearing, Defendant was present, in custody, with counsel Bevan Maxey. Assistant U.S. Attorney Caitlin A. Baunsgard appeared for the United States. Both sides presented argument.

The Court has considered the Pretrial Services Report, ECF No. 34, Defendant's Memorandum in Support of Release, ECF No. 30, the United States' Memorandum in Response, ECF No. 31, and the argument of counsel.

At the time of the hearing, the United States invoked the 18 U.S.C. § 3142(e) presumption that no condition or combination of conditions can assure Defendant's appearance in Court and the safety of the community, because Defendant is charged with a drug trafficking offense for which the maximum punishment is ten years or more.

ORDER - 1

The United States argued that, if released, Defendant would pose a risk of flight and a danger to the community. Specifically, the United States asserts that Defendant is a danger to the community because a firearm was found at the residence where he was arrested, and because he has a history of conviction for distributing drugs, including: a federal conviction for possession with intent to deliver at age 19, a conviction for conspiracy to possess with intent to distribute in state court at age 22, and another federal conviction for conspiracy to distribute drugs at age 23 in Nebraska, netting a 120 month sentence.

The United States also points to the strength of the evidence in the instant case, to include numerous controlled buys, and Defendant's post arrest statements to the effect that he has been distributing heroin, oxycodone, and methamphetamine in the Spokane area for approximately six years, and has traded firearms for drugs. The United States also objects to the proposed release address for Defendant, noting that he proposes to reside or otherwise associate with a potential witness in this case.

Defendant argues that he has employment with his mother, an apartment she has rented for him, that his presence in Spokane for the last six years represents significant ties to the community, and that he has remained in Spokane and available to law enforcement for some months after learning he would be charged.

Pursuant to 18 U.S.C. § 3142, this Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

This Court finds there is probable cause Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 21 U.S.C. § 801-904, which invokes a rebuttable presumption that no conditions or combination of conditions will reasonably assure the safety of the community, or defendant's appearance for further proceedings.

The Court further finds the United States has established by the required preponderance of evidence an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence for further proceedings, and has established by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community

**IT IS ORDERED** the Defendant's Motion for Reconsideration, **ECF No. 27**, is **DENIED**. Defendant shall remain in the custody of the U.S. Marshal pending disposition of this case or further order of the court, pursuant to the requirements ordered at ECF No. 14.

**IT IS SO ORDERED**.

DATED September 21, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE