FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO GABRIEL DANIEL,<br><br>Defendant. | NO: 2:18-CR-152-RMP-1<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of Defendant Eduardo Gabriel Daniel for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court finds that compassionate release is not supported by the facts of this case.

Defendant previously had requested compassionate release from the warden at his facility on June 2, 2020, ECF No. 78-1at 91, and the warden denied that request on June 29, 2020, ECF No. 78-1at 92, the same date as Defendant filed his motion in this court.  ECF No. 66.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 1

Defendant represents that compassionate release is justified because he has a history of asthma and because he is in close proximity with 400 inmates during the COVID-19 pandemic. ECF No. 66; ECF No. 78 at 13, 23. The Government disputes that Defendant is an appropriate candidate for compassionate release because Mr. Daniel's expressed history with asthma was not documented until recently, is not severe, and based on the totality of the circumstances Mr. Daniel has not met his burden for compassionate release. ECF No. 73 at 21; ECF No 80 at 5.

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered. That provision offers no relief to Mr. Daniel. However, 18 U.S.C. § 3582(c)(1)(A) provides an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

(A) Medical Condition of the Defendant.—

    (i)    The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
    (ii)    The defendant is—
        (I)    suffering from a serious physical or medical condition,
        (II)    suffering from a serious functional or cognitive impairment, or
        (III)    experiencing deteriorating physical or mental health because of the aging process,
    that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances—
    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

      Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the United States Bureau of Prisons ("BOP"). Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals of the BOP's

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 3

refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[1]

Mr. Daniel applied to the warden at Lompoc for compassionate release on June 2, 2020. ECF No. 78-1. The warden denied his motion on June 29, 2020. ECF No. Id. Therefore, the Court concludes that Mr. Daniel exhausted his administrative appeal and this Court has jurisdiction to consider his motion for compassionate release.

The Court next turns to whether Mr. Daniel has presented a sufficient basis to support that he has "extraordinary and compelling" circumstances that would justify compassionate release in light of both 18 U.S.C. § 3582(c) and 18 U.S.C. §3553(a), which the United States Sentencing Commission directs courts to consider. U.S.S.G § 1B1.13.

Mr. Daniel relies on his medical records indicating that he had a history of asthma and that he related asthma concerns to BOP on August 28, 2020. ECF No. 78-1, Attachments A-4; A-10; A-34; A-69. However, as the Government points out,

---

[1] The Court takes judicial notice that as of the date of this order, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the USSG.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 4

the record does not reflect that Mr. Daniel's asthma concerns rise to the level of a serious condition. ECF No. 80 at 2-4.

The remainder of Mr. Daniel's argument concerns the premature birth of his child, which is developmentally delayed, and the general danger that COVID-19 creates, especially for those individuals incarcerated in prisons. ECF No. 78. However, as the Government notes, the threat presented by COVID-19 is not limited just to incarcerated populations and the pandemic is being actively managed by the BOP within federal institutions in a responsible manner. ECF No. 73. The Court does not accept the existence of COVID-19 in a BOP facility as a basis for releasing the inmates of that facility. If the Court adopted that conclusion, then most, if not all, incarcerated individuals would need to be released, which the Court does not find practicable. Fortunately for Mr. Daniel's child, the record reflects that the child's mother is available as a care-giver.

Moreover, the factors to be considered in imposing a sentence under 18 U.S.C. §3553(a) further weigh against compassionate release for Mr. Daniel, especially "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). Mr. Daniel is approximately 41 years old. He entered into a plea agreement with the Government for an agreed sentence of 84 months. ECF No. 50. The offense to which he pleaded guilty involved significant amounts of drugs and involvement of firearms. *Id.* Mr. Daniel would have faced a significantly higher sentencing range without the plea agreement which resulted in

1  the Government's agreeing not to file an enhancement for his prior drug conviction

2  and for his possession of firearms. *Id.*

3      The Court finds that Mr. Daniel's long criminal history and involvement with

4  controlled substance abuse, as well as possession of firearms, indicates that his

5  release would present a likelihood of future crimes by the defendant. *See* 18 U.S.C. §

6  3553(a)(2)(C). Moreover, the nature of the crimes, distribution of controlled

7  substances, present a risk of danger to others in the community. *See* 18 U.S.C. §

8  3142(g). Therefore, the Court concludes that the § 3553 factors weigh against

9  allowing Mr. Daniel compassionate release under the circumstances presented on the

10 record.

11     Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for

12 Compassionate Release, **ECF No. 66**, is **DENIED**.

13     **IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order

14 and provide copies to counsel and to the U.S. Probation Office.

15     **DATED** September 14, 2020.

16

17                         *s/ Rosanna Malouf Peterson*
                            ROSANNA MALOUF PETERSON
                              United States District Judge

18

19

20

21

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 6